■ In the Matter of T. CROUSE BARNUM et al., Respondents, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant.—Judgment unanimously modified, and, as modified, affirmed, with costs to petitioners, in accordance with the following memorandum: Respondent Srogi, as Commissioner of Assessment of the City of Syracuse, appeals from a judgment for petitioners in the sum of $908,187.45, including $2,908.60 costs, for refunds of excessive taxes paid for the years 1971 through 1979 on real property at Nos. 335-351 and 359-361 South Salina Street, located at the northeast corner of South Salina Street and East Jefferson Street in the City of Syracuse. The trial court used the income capitalization or economic approach in computing the taxable value of the property. In doing so with respect to the building at 335-351 So. Salina Street it used the actual rents received by petitioners for the property in those tax years. There was evidence, however, that such rents did not include all of the rents paid by two sublessees and thus did not represent the full market rental value of the property, which must be employed in this approach to market value *(Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538). The record shows that petitioners' tenant Kresge sublet parts of the premises to two tenants and received from them the following amounts of rents in excess of the rent which it paid to petitioners therefor, to wit, in 1970, $24,483; in 1971, $23,361; and in each of the next seven years, $23,112. Those rents, established in the marketplace, clearly should have been added to the rents used by the court in determining the economic value of the property *(Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, supra).* The parties stipulated that the appraisers' evaluations would be based on values at September 30 of each year preceding the tax years. Adding the extra rents paid to Kresge, as shown above, establishes the correct gross income of the property for the nine years in question. Using those rents as a base and otherwise using the court's expense figures and its capitalization rates, the property has the following full values shown in column 1 below. These full values, multiplied by the stipulated equalization rates, result in assessed

values higher than those found by the trial court. The taxes due on such increased assessments will reduce petitioners' tax overpayments and the interest thereon to the amounts shown in columns 2, 3 and 4 below.

| YEAR | COL. 1<br>FULL VALUE* | COL. 2<br>OVERPAYMENT | COL. 3<br>INTEREST<br>AT<br>3% PER<br>YEAR | COL. 4<br>ANNUAL<br>OVER-<br>PAYMENT<br>PLUS<br>INTEREST |
|------|------------|-------------|----------|----------|
| 1971 | $1,489,548 | $39,240 | $18,695 | $ 87,935 |
| 1972 | $1,572,130 | $67,052 | $16,092 | $ 83,144 |
| 1973 | $1,447,932 | $72,956 | $15,321 | $ 88,277 |
| 1974 | $1,403,481 | $70,672 | $12,721 | $ 83,393 |
| 1975 | $1,514,570 | $77,388 | $11,608 | $ 88,996 |
| 1976 | $1,364,212 | $96,177 | $11,541 | $107,718 |
| 1977 | $1,522,645 | $95,976 | $ 8,638 | $104,614 |
| 1978 | $1,543,559 | $95,455 | $ 5,727 | $101,182 |
| 1979 | $1,480,269 | $67,536 | $ 2,026 | $ 69,562 |
| | | | Total: | $814,821 |

* The separate land and improvement values may be established upon these full values by applying the same ratio adopted by the trial court.

Adding to the total the costs below of $2,908.60 as awarded by the trial court, results in the sum of $817,729.60 for which petitioners are entitled to judgment. The judgment appealed from is modified, therefore, by reducing it by the sum of $90,457.85 and, as modified, is affirmed. (Appeal from judgment of Onondaga Supreme Court—assessment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.